## A. B. JOHNS *v.* J. J. BROWN.

[Abstract Kentucky Law Reporter, Vol. 7—446.]

**Description of Real Estate in Order of Sale.**

While in the sale of real estate the judgment should be so certain and specific as to the real estate to be sold as to enable the commissioner to discharge his duty without reference to any other paper or pleading in the cause, where the judgment does describe the real estate to be sold, but contains no specific description of parcels of the land which had previously been sold by the defendant and directed in the judgment to be excepted, the omission will not render the sale invalid.

APPEAL FROM PENDLETON CIRCUIT COURT.

December 8, 1885.

OPINION BY JUDGE LEWIS:

In the original petition it was alleged that a payment on the note had been made, the amount of which was shown by a receipt in the possession of the defendant, which he was called on to produce. But instead of doing so he pleaded a want of consideration for the note. In the reply it was alleged that all of the note, given for borrowed money, had been paid except $150, for which judgment was asked. The statement of the reply not being controverted, the court properly rendered judgment for the amount claimed by the plaintiff.

This court has held that in the sale of real estate the judgment should be so certain and specific in the direction to the commissioner in respect to the property to be sold as to enable him to discharge his duty without reference to any other paper or pleading in the cause. The description by metes and bounds of the land to be sold in this case was set out in the judgment; but there was no specific description of the two parcels which had previously been sold by the defendant, and which were directed in the judgment to be excepted from sale by the commissioner.

This omission, however, can not be considered such a departure from the rule referred to as to render the sale invalid.

Judgment *affirmed*.

*C. H. Lee, for appellant.*

*W. J. Perrin, for appellee.*